**ARC NYWWPJV001, LLC v WWP JV LLC**

2024 NY Slip Op 34298(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 654977/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

ARC NYWWPJV001, LLC,A DELAWARE LIMITED
LIABILITY COMPANY,

         Plaintiff,

        - v -

WWP JV LLC,A DELAWARE LIMITED LIABILITY
COMPANY,

         Defendant.

--------------------------------------------------------------------------------X

WWP JV LLC, A DELAWARE LIMITED LIABILITY COMPANY,

        Plaintiff,

      -against-

NEW YORK REIT LIQUIDATING LLC

        Defendant.
--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654977/2022 |
| **MOTION DATE** | 06/18/2024 |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 169, 170, 171, 172, 173, 174, 175, 225, 226, 227

were read on this motion to       COMPEL DISCOVERY      .

   Plaintiff ARC NYWWPJV001, LLC ("Arc") and Counterclaim Defendant New York

REIT Liquidating LLC ("NYRT") seek an order compelling Defendant/Counterclaim Plaintiff

WWP JV LLC ("WWP") to "produce" (again) purportedly privileged documents that WWP

claims were inadvertently produced to Plaintiffs during discovery. For the following reasons, the

motion is **granted in part**.

   The first document (the "Fields Analysis") was prepared by Steven Fields, in-house

counsel at RXR Realty LLC ("RXR") (NYSCEF 170 ¶¶ 2-4). The document was forwarded by

**654977/2022 ARC NYWWPJV001, LLC, A DELAWARE LIMITED LIABILITY COMPANY, vs. WWP JV LLC, A DELAWARE LIMITED LIABILITY COMPANY,**
**Motion No. 009**

**Page 1 of 5**

1 of 5

an RXR representative to an SLG representative (NYSCEF 141). The second exhibit (the "Isaacson Email")—an email from Drew Isaacson to David Schonbraun (copying Daniel Wedman), all of whom were employed in business roles at SLG—contained a bullet point regarding the subject of this litigation, and suggested that in-house counsel "should confirm" the position taken in the bullet point (NYSCEF 142, at 2).

Both exhibits were produced in early 2024. WWP sought to claw the exhibits back in March 2024, prior to the depositions of pertinent witnesses (NYSCEF 146; NYSCEF 147, at 240-43; NYSCEF 148; NYSCEF 150, at 206:4-10). A redacted version of the Isaacson email was subsequently produced. After good-faith conferrals and conferencing with the Court's law clerk, the parties were unable to resolve the dispute, and Arc filed this motion.

Discussion

CPLR 3101(a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, a party may shield information from disclosure if it is protected by attorney-client privilege. The privilege "shields from disclosure any confidential communications between an attorney or his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 623 [2016]). "The attorney-client privilege[] . . . fosters open dialogue between lawyer and client that is deemed essential to effective representation" (*Spectrum Sys. Int'l Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]). "[T]he burden of establishing any right to protection is on the party asserting" the privilege, and it "must be narrowly construed" and applied "consistent with the purposes underlying the immunity" (*id.*). "[W]hether a particular document is or is not protected is necessarily a fact-specific determination" (*id.* at 378).

**654977/2022 ARC NYWWPJV001, LLC, A DELAWARE LIMITED LIABILITY COMPANY, vs. WWP JV LLC, A DELAWARE LIMITED LIABILITY COMPANY,** **Page 2 of 5**
**Motion No. 009**

2 of 5

*A. The Fields Analysis*

"The attorney-client privilege applies to communications between a corporation's employees and the corporation's in-house counsel for the purpose of providing legal advice to the corporation" (*West 87 LP v Paul Hastings LLP*, 79 Misc3d 1237[A], at 3 [Sup Ct NY County 2023] [citing *Stock v Schnader Harrison Segal & Lewis LLP*, 142 AD3d 210, 216 [1st Dep't 2016]). "'Generally, communications made in the presence of third parties, whose presence is known to the [client], are not privileged from disclosure' because they are not deemed confidential" (*Ambac*, 27 NY3d at 624).

Here, WWP has not shown that Mr. Fields was representing WWP when drafting the document. The document identifies Mr. Fields as *RXR's* in-house counsel, and references SLG's counsel's points responding to Mr. Fields's analysis (NYSCEF 141). There is no evidence that that Mr. Fields was *separately* retained by WWP (or, for that matter, SLG). Moreover, even if Mr. Fields had been representing WWP, WWP has failed to demonstrate why sharing confidential its (or RXR's) counsel's advice with SLG would not constitute a waiver of the privilege.[1]

The Court has considered WWP's other arguments and finds them unavailing. Thus, the Fields Analysis must be produced.

*B. The Isaacson Email*

The attorney-client privilege "protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation" (*Delta Fin. Corp. v*

---

[1] The common interest exception to the waiver of attorney-client privilege is inapplicable because there is no evidence that this document was created in reasonable anticipation of litigation (*Ambac*, 27 NY3d at 628-32).

**654977/2022   ARC NYWWPJV001, LLC, A DELAWARE LIMITED LIABILITY COMPANY, vs. WWP**   **Page 3 of 5**
**JV LLC, A DELAWARE LIMITED LIABILITY COMPANY,**
**Motion No. 009**

*Morrison*, 15 Misc3d 308, 317 [Sup Ct Nassau County 2007] [citing *Bank Brussels Lambert v Credit Lyonnais*, 160 FRD 437 [SD NY 1995]]).

This Isaacson Email contains a privileged communication and was properly redacted. The fact that the redacted communication is between SLG business personnel does not preclude a finding of privilege when, in context, it constitutes a request for legal advice (*United States v DeFonte* (441 F3d 92, 95-96 [2d Cir 2006]). Here, the redacted paragraph sets forth a proposed legal conclusion for review by counsel (*see* NYSCEF 142, at 2). The communication was forwarded to counsel the same day (NYSCEF 173). The Court finds that the unredacted version of the Isaacson Email is appropriately withheld as privileged.

## C. Arc's Other Arguments

Arc's other arguments to obtain disclosure are unpersuasive. The Court declines to apply a subject matter waiver or order additional production beyond the narrow scope of this motion. The Court cannot evaluate documents that have not been challenged (and are not even known to exist). That said, WWP has a continuing obligation under the CPLR to re-evaluate (and produce, as appropriate) documents they may have withheld as privileged, in light of the Court's decision.

## D. Fees

Given the mixed result, the Court declines to award attorneys' fees pursuant to the stipulation in the preliminary conference order permitting an award of fees to the prevailing party in a discovery motion. The Court likewise declines to award discovery sanctions to WWP, as they have not shown that Arc engaged in discovery abuse.

Accordingly, it is

**ORDERED** that Arc's motion to compel is **granted in part**, such that WWP shall produce the Fields Analysis, and **denied** with respect to the unredacted Isaacson e-mail.

**654977/2022 ARC NYWWPJV001, LLC, A DELAWARE LIMITED LIABILITY COMPANY, vs. WWP JV LLC, A DELAWARE LIMITED LIABILITY COMPANY,** **Page 4 of 5**
**Motion No. 009**

[* 4]

4 of 5

This constitutes the Decision and Order of the Court.

20241129113648JMC0HENA30AA5361C340CD9A9379F8F2FDFAF9

_____
11/29/2024
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654977/2022   ARC NYWWPJV001, LLC, A DELAWARE LIMITED LIABILITY COMPANY, vs. WWP**   Page 5 of 5
**JV LLC, A DELAWARE LIMITED LIABILITY COMPANY,**
**Motion No.  009**

5 of 5